J-S63036-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| DAWAYNE MAXWELL, | : | |
| | : | |
| Appellant | : | No. 1891 EDA 2018 |

Appeal from the Judgment of Sentence Entered May 18, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010398-2016

BEFORE: GANTMAN, P.J.E., MURRAY, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 20, 2019**

Dawayne Maxwell (Appellant) appeals from his judgment of sentence of life in prison without parole, which was imposed after a jury convicted him of first-degree murder and related charges. We affirm.

Briefly, Appellant was charged with first-degree murder and related charges in connection with the shooting death of Alsharay Ford (the decedent) on July 28, 2016. The decedent was shot while he was driving his car, after picking his three-year-old daughter up from daycare. The decedent was not the intended target of the shooting, but was caught in the crosshairs of a shootout between individuals who lived in this Philadelphia neighborhood.

_____

* Retired Senior Judge assigned to the Superior Court.

The trial court offered a thorough summary of the facts that were presented at trial,[1] which included testimony from one eyewitness, a compilation of videos from cameras near the corner where the shooting occurred, as well as several experts. Among the issues in the case was the fact that Nasheed Jones, nephew of Appellant's wife and an eyewitness who had given a statement to police implicating Appellant, was not able to be located to testify at trial. At trial, the trial court admitted Jones' statement to police as an exception to the rule against hearsay pursuant to Pa.R.E. 804(b)(6), which governs the admission of statements when they are "offered against a party that wrongfully caused – or acquiesced in wrongfully causing – the declarant's unavailability as a witness, and did so intending that result."[2] *Id*.

On April 25, 2018, the jury convicted Appellant of the first-degree murder of decedent, and on May 18, 2018, the trial court sentenced Appellant as referenced above. Appellant timely filed a post-sentence motion, which was denied by the trial court. Appellant timely filed a notice of appeal, and both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[1] We adopt the facts as set forth in the trial court's opinion. *See* Trial Court Opinion, 11/7/2018, at 2-9.

[2] This exception is also known as the forfeiture by wrongdoing exception.

On appeal, Appellant contends that the evidence was insufficient to sustain his conviction for first-degree murder because Appellant did not intend to kill the decedent, that his conviction was against the weight of the evidence,[3] and that the trial court erred in admitting Jones' statement. **See** Appellant's Brief at 7.

Following a review of the certified record and the briefs for the parties, we conclude that the opinion of the Honorable Rose Marie DeFino-Nastasi thoroughly addresses Appellant's issues and arguments and applies the correct law to facts that are supported by the record. We discern no error of law or abuse of discretion. **See** Trial Court Opinion, 11/7/2018, at 9-12 (setting forth the standard of review for a challenge to the sufficiency of the evidence and concluding that even though the decedent was not the intended target of the shooting, the doctrine of transferred intent permitted the jury to conclude that Appellant's intent to kill the other men by shooting his gun at them transferred to the decedent) and **id**. at 13-15 (concluding that it properly admitted Jones' statement after determining by a preponderance of the

---

[3] Although Appellant presents this issue in his statement of questions involved, he does not reference the weight of the evidence in the argument section of his brief. **Compare** Appellant's Brief at 7 **with** Appellant's Brief at 18. Thus, Appellant has waived this issue. **See** Pa.R.A.P. 2119(a). Nevertheless, even if Appellant had not waived this issue, we would hold that the trial court did not abuse its discretion in concluding that the verdict did not shock its conscience, and would affirm on the portion of the trial court's opinion that addresses this issue. **See** Trial Court Opinion, 11/7/2018, at 13 (concluding that Appellant's "weight[-]of[-]the[-]evidence claim merits no relief").

evidence that Appellant was responsible for Jones' failure to be able to be located for trial).

Therefore, we adopt the trial court's opinion of November 7, 2018 as our own and affirm Appellant's judgment of sentence based upon the reasons stated therein.[4]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/20/19

---

[4] The parties shall attach a copy of the trial court's November 7, 2018 opinion to this memorandum in the event of further proceedings.